UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH OPRE, | ) | CASE NO.  4:07CV1493 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MILTON TOWNSHIP BOARD OF | ) | **MEMORANDUM OF OPINION** |
| TRUSTEES, et al. | ) | **AND ORDER** |
| | ) | (Resolving Doc. 6) |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 6) under

Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which

relief may be granted.  Plaintiff has responded in opposition to Defendants' motion (Doc. 7).

The Court has been advised, having reviewed Plaintiff's complaint, Defendants' motion, and

Plaintiff's response, and orders that Plaintiff's claims under the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq*. (FLSA), be DISMISSED for the reasons stated herein.

**Applicable Pleading Standard**

As the Court of Appeals for the Sixth Circuit stated in *Association of Cleveland Fire*

*Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, No. 06-3823, 2007 WL 2768285 (6th Cir.

Sept. 25, 2007):

> The Supreme Court has recently clarified the law with respect to what a plaintiff
> must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v.*
> *Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The Court stated
> that "a plaintiff's obligation to provide the grounds of his entitlement to relief
> requires more than labels and conclusions, and a formulaic recitation of the
> elements of a cause of action will not do."  *Id.* at 1964-65 (citations and quotation
> marks omitted).  Additionally, the Court emphasized that even though a complaint
> need not contain "detailed" factual allegations, its "[f]actual allegations must be
> enough to raise a right to relief above the speculative level on the assumption that
> all the allegations in the complaint are true."  *Id.* (internal citation and quotation
> marks omitted).  In so holding, the Court disavowed the oft-quoted Rule 12(b)(6)
> standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80

1

(1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

*Id.* at *2.

If an allegation in the complaint is capable of more than one inference, the Court must construe it in the plaintiff's favor. *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996).  The Court may not grant a Rule 12(b)(6) motion merely because it may not believe a plaintiff's factual allegations. *Id.*  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.*  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must allege either "direct or inferential" allegations regarding all of the material elements necessary to sustain recovery under "some" viable legal theory. *Id.*

**Background**

Plaintiff was the zoning inspector for Milton Township from 2002 until she was terminated on July 23, 2004.  She had been placed on unpaid medical leave March 18, 2004.  After her termination, Plaintiff filed an action in the Mahoning County Court of Common Pleas alleging sex discrimination and wrongful discharge in violation of public policy, both state law claims.  She voluntarily dismissed this claim without prejudice on November 3, 2006.

On April 24, 2007, Plaintiff filed the current action in the Mahoning County Court of Common Pleas, re-alleging the sex discrimination claim, and additionally raising violations of the FLSA for failure to pay Plaintiff for all the hours she worked, and for failure to pay Plaintiff the minimum wage.  Defendants removed that action to this Court on May 21, 2007, and filed their motion to dismiss on September 12, 2007.  While Defendants have not designated their

motion one for partial dismissal, it is clear that they intend to argue only that the FLSA claims should be dismissed.

**Analysis**

The first and second counts of Plaintiff's complaint are brought under the FLSA and result from alleged failure by Defendants to pay Plaintiff adequately for all the hours she worked. A claim under the FLSA is subject to a two-year statute of limitations, excepting willful conduct on the part of the employer, which must be brought within three years of accrual. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 131-32 (1988). To determine when an action accrues, the rule is that that a claim under the FLSA accrues at the end of each pay period in which the payment fails to comply with the FLSA. *Claeys v. Gandalf, Ltd.*, 303 F. Supp.2d 890, 894 (S.D. Ohio 2004).

Defendants contend that Plaintiff's claims should be dismissed because they were not raised within the applicable statute of limitations period, regardless of whether Plaintiff intended to allege a simple violation of the FLSA or a willful violation. Plaintiff responds that her claims should fall within Ohio's savings statute, R.C. § 2305.19, which preserves claims that are originally filed within the statute of limitations but are dismissed or terminated other than on the merits after the statute of limitations has run. In the alternative, Plaintiff argues that her claims should invoke the doctrine of equitable tolling.

**1. Ohio Savings Statute**

The Ohio savings statute provides in pertinent part as follows:

In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon

3

the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. § 2305.19.  While Ohio courts have found that the savings statute does apply to those cases that are voluntarily dismissed without prejudice pursuant to Civ.R. 41(A)(1), they do require that the claims asserted in the subsequent cause of action be sufficiently similar to the original claims that the defendant could reasonably be said to have had notice regarding those claims.  "The savings statute applies when the original suit and the new action are substantially the same." *Chidren's Hospital v. Ohio Dept. of Public Welfare*, 69 Ohio St.2d 523, 525 (Ohio 1982).  The Supreme Court of Ohio has found that when the parties in the new action and those in the original action are not the same, the actions are not substantially the same.  *Id.*

However, even in instances in which the parties remained the same, the Ohio courts have found that the claims raised in the new action were sufficiently dissimilar from those raised in the old action that the new action fell outside the savings statute.

> A new action is "substantially the same," when the new complaint differs not at all, or only to the extent that it adds "new" theories of recovery based upon the same facts stated in the original complaint. If a re-filed complaint does add additional theories of recovery, those theories must be based upon allegations set forth in the original complaint which would give the defendant or defendants fair notice of the claims added to the second action.

*Carl L. Brown, Inc. v. Lincoln National Life Insurance*, 2003-Ohio-2577, at ¶ 42 (Ohio Ct. App. 2003). The question "turns on whether the original complaint and the new complaint contain similar factual allegations so that it can reasonably be said that the party or parties were put on fair notice of the type of claims that could be asserted.  *Lanthorn v. Cincinnati Ins. Co.*, Adams App. No. 02CA743 (Ohio Ct. App. 2002); *see also Stone v. N. Star Steel Co.*, 152 Ohio App.3d 29, 2003-Ohio-1223, at ¶14 (a new complaint is substantially the same as the original complaint for purposes of the saving statute when the new complaint differs only to the extent it adds new recovery theories based upon the same factual occurrences stated in the original complaint); *Rios*

4

*v. Grand Slam Grille*, Cuyahoga App. No. 75150, 1999 Ohio App. LEXIS 5448 (Ohio App. Ct. 1999) (concluding a new complaint asserting malicious prosecution and abuse of process was substantially the same as original complaint that asserted malicious prosecution when both claims arose out of the same conduct and both the new and original complaints alleged the same facts establishing the right to relief); *Vercellotti v. HVC-Daly, Inc.*, Lucas App. No. L-97-1063, 1997 Ohio App. LEXIS 5428 (Ohio App. Ct. 1999); *Carrier v. Weisheimer Companies, Inc.*, Franklin App. No. 95APE04-488, 1996 Ohio App. LEXIS 617 (Ohio App. Ct. 1996) (both holding that when determining whether a new complaint is substantially the same as original complaint 'a [trial] court must determine whether the allegations in the first action gave the defendant fair notice of the allegations in the second action'); *Jones v. St. Anthony Med. Ctr.*, Franklin App. No. 95APE08-1014, 1996 Ohio App. LEXIS 542 (Ohio App. Ct. 1996) (concluding that a new complaint and the original complaint were substantially the same when the new complaint differed 'only to the extent that new theories of recovery, based on the same factual occurrence, are added to the new complaint'); *Andrews v. Scott Pontiac Cadillac GMC, Inc.*, Sandusky App. No. S-88-37, 1989 Ohio App. LEXIS 1950 (Ohio App. Ct. 1989) (stating that 'a new complaint is substantially the same as an original complaint "where the new complaint differs only to the extent that new theories of recovery, based on the same factual occurrence, are added to the complaint"')."  *Fiske v. U.S. Health Corp.*, 2005-Ohio-1295, 2005 Ohio App. LEXIS 1261, at ¶19 (Ohio App. Ct. 2005).

In this action, the claims raised in the original complaint dealt with Plaintiff's discharge from her position as the zoning director for Defendant.  There were no claims that dealt with Plaintiff's pay, or with the hours that she worked relative to her pay.  The inclusion of FLSA claims in Plaintiff's new action is more than simply a new theory of recovery; they constitute

entirely new claims.[1]  These claims fall under an entirely different statute than the original

claims, and require factual allegations relating to the hours Plaintiff worked and the

compensation received, which allegations would have temporally preceded the actions taken by

Defendants with respect to Plaintiff's termination.  For these reasons, this Court finds that

Plaintiff's FLSA claims cannot be saved by the Ohio savings statute.

### 2.  Equitable Tolling

Alternatively, Plaintiff argues that her FLSA claims should invoke the doctrine of

equitable tolling, and should thereby survive Defendants' statute of limitations argument.  "The

doctrine [of equitable tolling] permits a plaintiff to avoid the bar of the statute of limitations if

'despite all due diligence he is unable to obtain vital information bearing on the existence of his

claim.'" *Archer v. Sullivan County*, 1997 U.S. App. LEXIS 33052, at *10 (6th Cir. 1997),

quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990), *cert. denied*, 501

U.S. 1261, (1991). "The factors to be considered in this connection include the following: (1)

whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked

constructive notice; (3) the diligence with which they pursued their rights; (4) whether the

defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the

plaintiffs' remaining ignorant of their rights."  *Id.*, citing *EEOC v. Kentucky State Police Dep't*,

80 F.3d 1086, 1094 (6th Cir.), *cert. denied*, 519 U.S. 963 (1996).

Plaintiff contends that she was not aware until after discovery had been completed in the

original action that she had grounds to bring a claim under the FLSA.  The claims that Plaintiff

now brings under the FLSA relate to Defendants' failure to pay her for all the hours she worked,

---

[1] *See Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007).  In *Wysong*, the court drew the distinction
between a cause of action and a theory of recovery, noting that the plaintiff had brought a cause of action for the
violation of a statute but had posited different theories of recovery within that claim.  That is not the case here, as
Plaintiff brought her original action under state law discrimination statutes, and has brought this action for newly
alleged violations of the FLSA, which constitute new actions rather than different theories of recovery.

6

as well as their failure to pay her the minimum wage.  She contends that Defendants failed to maintain complete records of the hours she worked and that they paid "a monthly salary of no more than $650.00 per month," thereby failing to ensure that Plaintiff would receive "at least the minimum wage of $5.15 per hour[.]"  (Compl. at 24).

Assuming that Plaintiff would have had a valid FLSA claim, she had sufficient facts at her disposal to conclude that there may have been a violation and to bring that claim in a timely manner, as is evidenced by the language quoted above from her complaint.  Because Plaintiff had constructive notice of her claim by means of her knowledge of the hours she worked and the pay she received, and because any degree of diligence on her part would have resulted in the realization of those claims based upon the evidence she had, this Court finds that her invocation of the doctrine of equitable tolling is without merit.

**Conclusion**

For the foregoing reasons, Plaintiff's claims under the FLSA are DISMISSED as being outside the statute of limitations.  Final judgment will be entered in favor of Defendants on those claims.  The state law sex discrimination claim under Ohio Rev. Code § 4112.02 will be remanded to the Mahoning County, Ohio, Court of Common Pleas.


IT IS SO ORDERED.

Dated:  December 7, 2007                      *s/      John R. Adams*_____
                                                                        JOHN R. ADAMS
                                                                        UNITED STATES DISTRICT JUDGE